IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

UNITED STATES OF AMERICA,

v.  CRIMINAL NO. 4:14-CR-2

BRYAN LAMAR BROWN,

    **Defendant.**

## OPINION

This matter comes before the court on a joint motion for a continuance of trial date. ECF No. 27. At a June 9, 2014 hearing on the matter, the Court granted the motion. The Court sets forth its reasoning herein.

On January 13, 2014, Bryan Lamar Brown ("Defendant") was indicted for Conspiracy to Possess with Intent to Distribute Cocaine and Cocaine Base as well as Being a Felon in Possession of a Firearm. The Court granted Defendant's Motion for a Bill of Particulars on March 18, 2014. On April 1, 2014, Magistrate Judge Tommy Miller granted Defendant's motion to continue the trial and for defense counsel to withdraw from the case because of a conflict of interest. Judge Miller based his decision to continue the trial in the interests of justice, in order to provide the new defense counsel adequate time to prepare, waiving that time period under Speedy Trial Act until June 17, 2014. Defendant then made a motion to dismiss on statute of limitations grounds, which the Court denied on April 4, 2014. That same day, the Court granted the Government's Amended Motion to dismiss the felony gun possession count. Substituted defense counsel, after discovering a conflict of interest, was then withdrawn on April 10, 2014 and replaced that same day on Judge Tommy Miller's order. Trial was set for June 17, 2014.

Both parties represented to the Court that additional charges are pending against Defendant. The charges involve a home invasion and robbery which resulted in a death. Defense counsel was made aware of this pending charge in mid-May of this year. In discussing a resolution to these matters, the parties have concluded that handling the instant matter simultaneously with the looming home invasion charges would be in the best interest of justice and Defendant. In essence they ask for more time to complete plea negotiations, and defense counsel also seeks more time to adequately prepare, given the pending charges and ongoing negotiations.

A Defendant cannot prospectively waive his Speedy Trial Rights. <u>Zedner v. United States</u>, 547 U.S. 489, 500 (2006) ("Petitioner contends, and the Government does not seriously dispute, that a defendant may not prospectively waive the application of the [Speedy Trial] Act. We agree."). The Speedy Trial Act however permits the presiding judge to continue a trial past the default 70-day deadline "on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The reasons for such a decision must be set forth on the record, whether orally or in writing. <u>Id.</u> The statute provides: "The factors, among others, which a judge <u>shall</u> consider in determining whether to grant a continuance under subparagraph (A) of this paragraph in any case are as follows:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
> (iii) Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must

    base its determination are unusual or complex.
        (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B). The Supreme Court observes, "This provision gives the district court discretion—within limits and subject to specific procedures—to accommodate limited delays for case-specific needs." Zedner, 547 U.S. at 499 (2006).

Here, Defendant is facing trial and then a second indictment, a superseding indictment, or the prospect of clearing multiple criminal matters simultaneously. It is in his interest, as defense counsel made clear at the hearing, and the interest of the public to resolve these matters quickly and efficiently. Ultimately, it is in the interests of justice to do so as well. Indeed, not continuing this matter may even result in a miscarriage of justice. 18 U.S.C. § 3161(h)(7)(B)(i).

Having considered these factors in light of the circumstances surrounding the instant matter and Defendant, the Court is compelled to find that withholding a continuance "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv). Therefore the Court **FINDS** that the ends of justice outweigh the best interest of the public and the defendant in a speedy trial and **CONTINUES** the trial to September 23, 2014 in order to permit the parties to engage in plea negotiations and defense counsel to prepare effectively for trial.

The Clerk is **DIRECTED** to forward a copy of this Order to all Counsel of Record.

**IT IS SO ORDERED.**

/s/
Robert G. Doumar
Senior United States District Judge

UNITED STATES DISTRICT JUDGE

Newport News, VA
June _12_, 2014

3